000, which is far in excess of our minimum jurisdiction.

In the absence of other evidence showing the pecuniary amount involved in a law suit, the affidavit of one of the parties as to such amount will be considered. Waters Pierce Oil Co. v. Mayor of Town of New Iberia, 47 La. Ann. 863, 17 So. 343; State ex rel. Daboval v. Police Jury, 39 La. Ann. 759, 2 So. 305; Garrett v. Spratt, 131 La. 707, 60 So. 199. · Such affidavit may be made after the motion to dismiss the appeal is filed. State ex rel. Cain v. Judge, 20 La. Ann. 574; State ex rel. Holmes v. Wiltz, 11 La. Ann. 439; Knight v. Smith, 3 Mart. (O. S.) 158.

The motion to dismiss the appeal is overruled.

180 La. 667

### MECONE v. L. B. PRICE MERCANTILE CO.

### No. 32604.

Supreme Court of Louisiana.

Oct. 29, 1934.

Tracy & Neuhauser, of New Orleans, for appellant.

E. J. Thilborger and J. J. Cullinane, both of New Orleans, for appellee.

BRUNOT, Justice.

This is a suit for damages for an alleged malicious criminal prosecution. The case was heard on its merits, and the plaintiff appealed from a judgment dismissing the suit at his cost.

The plaintiff, under a written contract with the defendant, was employed by defendant as one of its salesmen from September, 1929, to the early part of March, 1932.

Under the terms of the contract of employment, the plaintiff, as a salesman for defendant, was required to receipt for and account for all merchandise delivered to him by defendant.

During the month of February, 1932, the plaintiff's accounting for merchandise that had been delivered to him by defendant, and receipted for by him, was questioned by defendant, and an investigation thereof was made, with the result that discrepancies and falsities in plaintiff's accounting were discovered. Plaintiff was then called upon for an explanation, and with respect to one of the discrepancies and falsities discovered in his accounting, he admitted that he had traded that particular merchandise for whisky. Defendant's counsel was consulted and, on his advice, the discrepancies and falsities in plaintiff's accounting for the merchandise the defendant had delivered to him, and for which the defendant held his receipt, were submitted to an assistant district attorney, who agreed with defendant's counsel that a prosecution of plaintiff for embezzlement was advisable. Thereupon a local agent of the defendant made the necessary affidavit and the prosecution followed, with the result that the plaintiff was acquitted.

Except that one of the defenses urged by the plaintiff in the criminal prosecution of him was that he had traded merchandise for whisky, with the knowledge of and for the personal use of defendant's then city manager, we need not concern ourselves with the incidents of that trial.

From our view of this case, it presents only questions of fact. A number of witnesses testified in the case, and there are 414 pages of oral testimony in the record. We have read the record carefully, and find that the proof, offered by defendant, disproves the plaintiff's contention that he traded a part of the unaccounted for merchandise belonging to the defendant for whisky, with the

knowledge or consent of, or for the use of the defendant's then city manager, and that it establishes, with a reasonable degree of certainty, that the prosecution of the plaintiff was instituted without malice and with probable cause.

The learned judge of the civil district court evidently so found, and his finding of fact is entitled to great weight. The burden of proving that the prosecution was malicious and without probable cause rested upon the plaintiff, and the evidence offered by him to establish those allegations of his petition is rebutted by an overwhelming preponderance of the testimony.

We find that the judgment appealed from is correct. It is therefore affirmed, at appellant's cost.